UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mary J. Kincaid-Chauncey, | Case No. 2:24-cv-00464-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Smith's Food & Drug Centers, Inc.; et al., | |
| Defendants. | |

This is a personal injury action arising out of a slip and fall that Plaintiff Mary J. Kincaid-Chauncey experienced at Defendant Smith's Food & Drug Centers, Inc.'s store on December 16, 2021. Plaintiff sues Defendant for damages, alleging claims for negligence against Defendant; negligence against Defendant's Doe Employee; and negligent hiring, training, retention, and/or supervision against Defendant. Plaintiff moves for spoliation sanctions for Defendant's failure to preserve video footage of the incident. (ECF No. 27). Plaintiff also moves to strike Defendant's answer as a sanction for Defendant's non-appearances at certain depositions and other discovery conduct. (ECF No. 30). Because the Court finds that Plaintiff has not met her burden of showing that Defendant had an obligation to preserve evidence before the video footage was recorded over, it denies Plaintiff's motion for spoliation sanctions. Because the Court finds that Plaintiff has shown that she is entitled to certain sanctions for Defendant and its witness' failures to appear at certain depositions, but that those sanctions do not include the severe sanctions Plaintiff seeks, it grants in part and denies in part Plaintiff's motion to strike Defendant's answer.

**Discussion**

**I.    Plaintiff's motion for spoliation sanctions.**

The Court denies Plaintiff's motion for spoliation sanctions because Plaintiff has not met her burden of showing that Defendant had an obligation to preserve the video evidence at issue at the time it was destroyed. Plaintiff argues that Defendant failed to preserve video footage from

the date of her fall, December 16, 2021.  Defendant argues that it was not on notice of potential litigation on the date of Plaintiff's fall and that, by the time Plaintiff's attorney contacted Defendant's insurance adjuster on April 13, 2022, after the fall, Defendant's camera system had recorded over the footage because its system could only hold footage for 60 days.

Spoliation of evidence includes the failure to preserve property for another's use as evidence in a pending or reasonably foreseeable litigation.  *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002).  The party requesting spoliation sanctions bears the burden of establishing a spoliation claim.  *Reinsdorf v. Sketchers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013).  The threshold question in a spoliation decision is whether evidence was altered or destroyed.  *See id.*; *see Lemus v. Olaveson*, No. 2:14-cv-01381-JCM-NJK, 2015 WL 995378, at *9 (D. Nev. Mar. 5, 2015).

Once a party demonstrates that evidence has been altered or destroyed, the moving party must further show the elements of a spoliation claim.  This is because "[t]he bare fact that evidence has been altered or destroyed does not necessarily mean that the party has engaged in sanction-worthy spoliation."  *Reinsdorf*, 296 F.R.D. at 626.  Instead, if a party alters or destroys evidence, the party requesting spoliation sanctions must further demonstrate that: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.  *Id.*  If a party demonstrates that another party spoliated evidence, and that sanctions are warranted under the three factors, the court may impose spoliation sanctions under two sources:  Federal Rule of Civil Procedure 37 and the court's inherent authority.  When it comes to spoliation of electronically stored information—like video footage—only Rule 37(e) sanctions are available.  *See Gregory v. State of Montana*, 118 F.4th 1069, 1078 (9th Cir. 2024).

Plaintiff has met her threshold burden of showing that Defendant altered or destroyed video footage from the date of her fall.  She attaches a request for admission which she served on Defendant, asking it to "[a]dmit that, at the time of the INCIDENT, YOU were actively recording surveillance video of the SUBJECT AREA."  (ECF No. 27-2 at 9).  Defendant admitted to that

request. (*Id.*). And in Defendant's response, Defendant's counsel asserts that, as of April 13, 2022, "video from December 16, 2021[,] had been recorded over in the normal course as the video system only saves video for up to 60 days." (ECF No. 28 at 9). So, Plaintiff has demonstrated that video footage from the date of her fall existed and was altered or destroyed.

However, Plaintiff has not met her burden of showing that Defendant had an obligation to preserve the video footage when it was destroyed and the Court lacks sufficient information to make that finding here. Under federal law, the duty to preserve evidence begins when litigation is pending or reasonably foreseeable. *Milke v. City of Phoenix*, 497 F.Supp.3d 442, 464 (D. Ariz. 2020) (quoting *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011)).[1] Similarly, under Nevada law, a party has a duty to preserve evidence which it knows or reasonably should know is relevant to a litigation that is pending or reasonably foreseeable. *MDB Trucking, LLC v. Versa Products Company, Inc.*, 475 P.3d 397, 407 (Nev. 2020) (internal citations and quotations omitted). Under federal case law, "[w]hether litigation is 'reasonably foreseeable' is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry." *Milke*, 497 F.Supp.3d at 464 (citing *Micron Tech*, 645 F.3d at 1320). This is an objective standard. *Id.* It does not ask whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation.

---

[1] Under the Supreme Court's decision in *Erie R.R. v. Tompkins*, federal courts sitting in diversity apply state substantive law and federal procedural law. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). At least one court in this district has determined that, in deciding spoliation sanctions in diversity cases, state law determines a party's duty to preserve evidence, but federal rules govern sanctions for breach of that duty. *See State Farm Fire & Cas. Co. v. Broan Mfg. Co.*, 523 F. Supp. 2d 992, 995 (D. Ariz. 2007) (citing *Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806 (7th Cir. 1995)). Another court has declined to follow that rationale. *See Aramark Mgmt., LLC v. Borgquist*, No. 2:18-cv-01888-JLS-KES-X, 2021 WL 864067, at *3 (C.D. Cal. Jan. 27, 2021) *report and recommendation adopted*, No. 8:18-cv-0188-JLS-KES, 2021 WL 863746 (C.D. Cal. Mar. 8, 2021). And the Ninth Circuit has not explicitly determined this issue. Nonetheless, the Court does not find it necessary to decide whether federal or state law governs here because, as outlined above, the federal and Nevada standards for determining when a party's duty to preserve evidence begin are so similar. So, regardless of which standard the Court employs, it would reach the same conclusion.

*Id.* Nevada courts appear to employ a similar fact-intensive analysis. *See Banks ex rel. Banks v. Sunrise Hosp.*, 102 P.3d 52, 58-59 (Nev. 2004); *see MDB Trucking*, 475 P.3d at 636 (explaining that the relevance of a piece of destroyed evidence "represents a factual determination for the district court."); *see Fire Ins. Exchange v. Zenith Radio Corp.*, 747 P.2d 911, 914 (Nev. 1987).

Whether the owner of a premises is on notice that litigation is pending or reasonably foreseeable when a patron falls on their premises depends on the facts surrounding the fall and following the fall, including whether the patron or employees filled out an incident report. In *Aiello v. Kroger Co.*, and *Demena v. Smith's Food & Drug Centers* courts in this district found that the duty to preserve evidence in slip and fall cases began on the date of the fall. *See Aiello v. Kroger Co.*, No. 2:08-cv-01729-HDM-RJJ, 2010 WL 3522259 (D. Nev. Sept. 1, 2010).; *see Demena v. Smith's Food & Drug Centers*, No. 2:12-cv-00262-MMD, 2012 WL 3962381 (D. Nev. Sept. 10, 2012). In *Aiello*, not only did the plaintiff fill out an incident report after his fall, but the grocery store manager also extracted, reviewed, and sent the surveillance video to the store's risk management department, after which the video was lost. *Aiello*, 2010 WL 3522259, at *2-3. The store manager also testified that she sent the video to the risk department because she was aware of the incident and of the alleged injuries and because she "knew it [the surveillance video] would cover us…" *Id.* In *Demena*, the court found that the fact that the plaintiff and employees had filled out an incident report, combined with the fact that the plaintiff was transported out of the store on a gurney with the assistance of emergency medical personnel, was sufficient to trigger the store's duty to preserve evidence. *Demena*, 2012 WL 3962381, at *2.

In *Brown v. Albertsons* a court in this district found that the duty to preserve evidence in a slip and fall case did not begin on the date of the fall. *See Brown v. Albertsons, LLC*, No. 2:16-cv-01991-JAD-PAL, 2017 WL 1957571 (D. Nev. May 11, 2017). There, although the plaintiff had filled out an incident report indicating that she was injured after her fall, the store director had also filled out a report that he had offered her an ambulance three times and she had refused each time, asking only for a chair and water. *Brown*, 2017 WL 1957571, at *9. Moreover, the store's insurance adjuster's notes indicated that the plaintiff's husband—who had accompanied her to the

store—continued to shop while she was filling out paperwork and that the two left the store about thirty minutes later. *Id.*

Here, Plaintiff has not provided sufficient information for the Court to find that litigation was reasonably foreseeable such that Defendant was under a duty to preserve evidence on the date of Plaintiff's fall. The only reasons Plaintiff provides in her opening brief about why Defendant should have been on notice of potential litigation on the date of her fall is that she fell and that she filled out an incident report. (ECF No. 27 at 6). However, even the *Aiello* and *Demena* courts did not find that an incident report alone was enough to trigger the duty to preserve evidence. Instead, those courts relied on the facts surrounding the fall, in conjunction with the incident reports, to make that determination.

But here, the Court has limited information about the facts surrounding the fall. Unlike the store manager in *Aiello*, who extracted, reviewed, and sent video footage to the store's risk management department, here the store manager—Tracey Miranda—wrote a declaration that she did not fill out any further paperwork. (ECF No. 28-6 at 2). Miranda also stated that, while she would normally fill out additional documents when a person falls, in this case, she did not recall doing so because Plaintiff told her that "she was fine and only wanted to fill out a report just in case she later had problems." (*Id.*). However, for the first time in reply, Plaintiff points to a portion of her testimony where she stated that Miranda said, "there was a video" and that Plaintiff's son said, "be sure you save that video." (ECF No. 27-9 at 42). These statements call into question the reasonableness of Miranda's decision to take no further action. But they are also hearsay statements. *See* Fed. R. Evid. 801(c). And by raising them for the first time in reply, Plaintiff has given Defendant no ability to respond. Moreover, Miranda has not yet been deposed. Unlike the Plaintiff in *Demena*, who required a gurney and assistance of emergency personnel on the scene, Defendant points to Plaintiff's testimony that she could get up on her own, walk to the front of the store with her son only "kind of" helping her, and did not go to a

doctor until two days after her fall. (ECF No. 28 at 7-9).[2] And while Plaintiff filled out an incident report, like the plaintiff in *Demena* did, Miranda also filled out a declaration that Plaintiff initially did not want to fill out a report. (ECF No. 28-6 at 2). While Plaintiff points to her testimony that Miranda "looked at her knee, which was swelling," again, Plaintiff raises this argument for the first time in reply and Miranda has not been deposed. Unlike the plaintiff in *Brown*, who refused medical attention, Plaintiff does not argue or point to any evidence showing whether she requested medical assistance or whether she was offered medical assistance. And while it appears that Plaintiff's son accompanied her to the front of the store and played some role in discussing the incident with Miranda, his role in the incident is not as clear as the husband's role in *Brown*. Ultimately, while the Court has some facts about the circumstances surrounding Plaintiff's fall and incident report, unlike the *Aiello*, *Demena*, and *Brown* courts, the Court lacks sufficient facts to decide one way or the other regarding whether Defendant was obligated to preserve evidence.

    Because Plaintiff has not met her burden of showing that Defendant was obligated to preserve video footage when the footage was destroyed, Plaintiff has also not shown that Defendant destroyed the evidence with a culpable state of mind. While many courts in the Ninth Circuit have found that that a "culpable state of mind includes negligence," absent a duty to preserve evidence, Defendant could not have negligently breached that duty. *See Reinsdorf*, 296 F.R.D. at 627; *see Soule v. P.F. Chang's China Bistro, Inc.*, No. 2:18-cv-02239-GMN-EJY, 2020 WL 959245, at *4 (D. Nev. Feb. 26, 2020) (compiling cases). So, regardless of how relevant the footage may have been to Plaintiff's claims, Plaintiff has not shown that she is entitled to spoliation sanctions and the Court denies her motion.

---

[2] Plaintiff's testimony indicates that she did not recall the exact dates she went to the doctor after her fall and that counsel relied on her medical records to refresh her memory. (ECF No. 28 at 8). Defendant does not attach these medical records. However, Plaintiff does not challenge Defendant's reliance on her testimony. So, the Court accepts Defendant's representations regarding the timing of Plaintiff's doctor visits.

## II. Plaintiff's motion to strike Defendant's answer.

Plaintiff seeks case ending sanctions in the form of striking Defendant's answer for Defendant's and its witness' failure to appear at one deposition, failure of its witness to appear at another, and failures to communicate effectively with Plaintiff's counsel.[3] (ECF No. 30). Plaintiff brings her motion under Federal Rules of Civil Procedure 30 and 37. Alternatively, Plaintiff requests that the Court enter an "adverse inference against Defendant regarding those matters for which [Defendant's witness] was expected to testify," pay sanctions for certain of Plaintiff's counsel's time, and compel the witness' deposition. In response, Defendant points out that the witness had to deal with a fire at her family's storage unit that caused her to miss the first deposition and was sick for the second. (ECF No. 31). Defendant points out that it already paid the costs of the first deposition and, at the second, its counsel explained the witnesses' illness and attempted to reschedule, but Plaintiff declined. Defendant adds that it is willing to pay the costs associated with the second nonappearance and to reschedule the deposition. In reply, Plaintiff argues that case-ending sanctions are warranted because of Defendant's counsel's unresponsiveness, failure to coordinate, and non-responsive and evasive behavior in responding to discovery during the course of the case. (ECF No. 32).

Under Federal Rule of Civil Procedure 30(d)(2), the court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of a deponent. Under Federal Rule of Civil Procedure 37(d)(1)(A)(i), the court may order sanctions if a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails after

---

[3] Plaintiff also raises certain difficulties her counsel has had with obtaining documents and discovery responses from Defendant. However, Plaintiff does not assert that Defendant has failed to produce any documents. Instead, after Plaintiff attempted to move to compel certain documents, the Court required the parties to meet and confer, and the parties were able to reach agreements about discovery. (ECF Nos. 22, 23, 25). Although Plaintiff now asserts that one of the documents she received following the parties' meet and confer was the wrong document, she does not assert that Defendant has refused to produce the correct document. So, the Court does not find that Plaintiff has described sanctionable conduct regarding Defendant's production of documents. *See* Fed. R. Civ. P. 37(d)(1)(A)(ii). The Court does not address this issue further in this order.

being served with proper notice, to appear for that person's deposition. The types of sanctions available under Federal Rule of Civil Procedure 37(d)(1)(A)(i) include: (1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part; or (6) rendering a default judgment against the disobedient party. *See* Fed. R. Civ. P. 37(d)(3) (explaining that the types of sanctions available for a violation of Rule 37(d)(1)(A)(i) include those listed in Rule 37(b)(2)(A)(i) – (vi)). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

"Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). It is within the court's discretion whether to impose dismissal sanctions. *Id.* "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The Court grants in part and denies in part Plaintiff's motion. The Court does not find that Plaintiff is entitled to sanctions under Rule 30(d)(2) because she has not shown that Defendant has impeded, delayed, or frustrated the deposition, but rather, the scheduling of the deposition. On the other hand, Plaintiff has shown that she is entitled to sanctions for Defendant and its witness' failure to appear at two depositions under Rule 37(d)(1)(A)(i).

Plaintiff has not, however, shown that she is entitled to sanctions in the form of striking Defendant's answer or that she is entitled to evidentiary sanctions. Regarding case-dispositive

sanctions in the form of striking Defendant's answer, the Court does not find that the five-factor analysis weighs in Plaintiff's favor. While the factors of the public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of Plaintiff, they do only slightly. The risk of prejudice to the Defendant and the policy favoring disposition of cases on their merits far outweigh the first two factors and weigh heavily in favor of Defendant. And the fact that there are less drastic sanctions available also weighs in favor of Defendant. This is not the type of extreme circumstance where the harsh penalty of dismissal is appropriate and the Court exercises its discretion to not impose this sanction. Additionally, the Court does not find the evidentiary sanctions Plaintiff proposes to be warranted or workable here. Her request for these sanctions also conflicts with her request that the Court compel the deposition of Defendant's witness. If Plaintiff obtained her ill-defined "adverse inference…regarding those matters for which Ms. Miranda was expected to testify," Miranda's deposition would presumably be rendered unnecessary. So, the Court declines to grant Plaintiff's request for these sanctions.

Instead, the Court will only grant Plaintiff's request for sanctions in the form of the reasonable expenses and attorneys' fees that Plaintiff's counsel expended in preparing for and holding the two depositions at issue. The Court will not grant Plaintiff's counsel their requested attorneys' fees for the time spent reviewing Defendant's supplemental responses to written discovery, preparing correspondence to defense counsel regarding deficiencies in written discovery, or Plaintiff's counsel's time in preparing the motion to strike (ECF No. 30). The Court also finds no need to compel Miranda's deposition because both parties agree that it should go forward. *See* Fed. R. Civ. P. 37(a)(3)(b)(i) (explaining that a party may move to compel if a deponent fails to answer a question asked under Rule 30, which failure has not occurred here).

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's motion for spoliation sanctions (ECF No. 27) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendant's answer (ECF No. 30) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request that the Court order Defendant to pay the reasonable attorneys' fees and expenses that Plaintiff's counsel expended in preparing for and holding the two depositions at issue. It is denied in all other respects.

DATED: April 7, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE